IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60656
Summary Calendar
_____


BILLY JOE TEMPLETON,

Plaintiff-Appellant,

versus

STEVE PUCKETT, Etc.; ET AL,

Defendants

ROBERT ARMSTRONG, Warden, Unit 32; EARNEST DAWSON,
Lieutenant, Unit 32-D; HENRY JOHNS, Case Manager, Unit 32-D;
CURTIS TURNER, Sergeant, Unit 32-D; WILLIE MELL, Correctional
Officer, Unit 32-D; MICHAEL KNOWLTON, Correctional Officer,
Unit 32-D; CHARLES MCGREW, Correctional Officer, Unit 32-D;
JEFFREY CAIN, Correctional Officer, Unit 32-D;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-317-B-D
--------------------
November 19, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy Joe Templeton, Mississippi prisoner # 39205, appeals
the district court's judgment in his 42 U.S.C. § 1983 failure-to-
protect action rendered in favor of the defendant prison officers
following a bench trial before the magistrate judge.  Templeton

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

had been stabbed several times with a shank by another inmate while Templeton and other inmates in protective custody were in the yard of the prison.

To establish an Eighth Amendment violation based upon prison officers' failure to protect an inmate from another inmate, Templeton must show that the officers knew of a substantial risk of serious harm to him and that the officers disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847 (1994). Templeton did not file objections to the magistrate judge's report and recommendation, and we thus review the district court's findings and conclusions for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Our review of the record reveals that the magistrate judge's findings and conclusions that Officers Armstrong, Johns, and Dawson were not liable for not moving Templeton to protective custody sooner, that Templeton failed to establish § 1983 liability against these officers, that Officers Knowlton, McGrew, Mell, and Cain did not know of a substantial risk of harm to Templeton, and that these officers acted reasonably after the stabbing assault were supported by the record and were not error.

AFFIRMED.